25273. GROOMS *v.* THE STATE.

Decided May 7, 1936.

*W. A. Dampier,* for plaintiff in error.
*Lester F. Watson, solicitor,* contra.

MacIntyre, J. Having been convicted of unlawfully having, controlling, and possessing whisky, Theo Grooms filed his motion for new trial. The exception is to the overruling of that motion. Officers found several pints of whisky in weeds back of the defendant's home. Tracks led from his home to the whisky, and no other tracks led to or from the whisky. There were several houses near the place where the whisky was found, but it was nearer to the defendant's house than to any other house. While the evidence tends to show that the whisky was not on the lot on which the defendant lived, it was not necessarily conclusive in that regard,

There was no fence between the place where the whisky was found and the defendant's home. On the same occasion, officers entered the defendant's home, where they found the defendant in a front room and his wife upstairs. They found that some liquid smelling like whisky appeared to have recently been poured through a hole one inch in diameter in the kitchen floor. The space around the hole was wet, and "there were little drops that clung to the floor around the hole." One witness testified that he "did not put his hands in it," but that he smelled it, and it smelled like whisky. No witness examined the ground under the hole. Near the hole were some empty fruit-jars, and a bottle that smelled like whisky. Another witness for the State testified: "I didn't see any whisky. I just smelled where some had been poured out." No whisky was found in the house. There was testimony that the defendant's house had the reputation of being a "bootlegging joint."

Error is assigned in the motion for new trial on the overruling of a motion for continuance, based on the absence of a material witness. On this motion the defendant testified, in part, as follows: "I want to prove by C. P. Minton that I did not have nothing to do with that whisky, and it wasn't on my premises. . . The back of his lot comes up to the back of the lot . . that I live on. I wanted to prove by him that the whisky wasn't my whisky, and . . wasn't on my property. He told me that he saw them when they found it, he was out in the garden and saw them; and he will swear that it wasn't on my premises. . . He told me he would swear that it was not my whisky or liquor. . . I want to prove that the liquor wasn't on my lot. There is a line between me and the lot that the liquor was found on, not a fence, a line, but it does join my lot. Minton knows where the line is, because his line comes up to the same line. He didn't say he would swear about the liquor if I had any in my house." The defendant testified also that he knew of his own knowledge that the witness was sick in bed, that he lived near him, and that he had been subpœnaed. "Formal questions" were waived by the solicitor, and the controlling question is the materiality of the evidence. It is apparent that the State based its case mainly upon the finding of the whisky near the defendant's house under the circumstances indicated, and the damp hole in the kitchen that smelled like whisky, with the related facts. For good measure, it proved that

the defendant's house had the reputation of being "a bootlegging joint." If the absent witness had been present and had testified to a state of facts showing that the whisky found near the house did not belong to the defendant, and that he had nothing to do with it, who can say what weight it would have had with the jury? It was the only whisky found on or about the defendant's premises. Our view is that under all the facts and circumstances the testimony in question was very material, and that the defendant should have had the opportunity to present it to the jury for what it was worth. We hold that the court erred in overruling the motion for a continuance.

A ground of the motion for new trial avers that the case depended entirely on circumstantial evidence, and that the court erred in omitting to charge the jury on the law of circumstantial evidence. It takes no citation of authority to show that if a case does depend entirely on circumstantial evidence, it is error for the court, even without request, to fail to charge thereon. Under the decision in *Morris* v. *State,* 51 *Ga. App.* 145 (179 S. E. 822), it would not have been error to fail to charge on the law of circumstantial evidence, without a request so to charge, in a case like the one at bar, if whisky had been found in the defendant's house. But in this case the testimony was that no whisky was found in the defendant's home, and any conclusion that it was there must of necessity rest upon the fact that the edge of the hole in the kitchen floor was damp and smelled like whisky, with the attendant facts and circumstances. Certainly the finding of the whisky back of the defendant's home, with the attendant circumstances, was circumstantial evidence in so far as the defendant's guilt of having, controlling, and possessing whisky is concerned. Our view is that the conviction of the defendant was based solely on circumstantial evidence. Under a rule too well recognized to need citation of authority, we hold that the court erred in failing to charge on the law applicable to circumstantial evidence.

The motion for a new trial discloses no other error. Of course the general grounds of the motion will not be considered at this time.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*